UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD NORMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-02360-JPH-KMB ) |
| DENNIS REAGLE, | ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Todd Norman was convicted of dealing methamphetamine in Ripley County, Indiana, in 2016. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that his trial counsel provided ineffective assistance of counsel when he failed to move to suppress evidence and when he failed to object to the admission of certain evidence at trial. Because his claims are procedurally defaulted, his petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

**I.
Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal of Mr. Norman's conviction, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> On February 17, 2016, Versailles Town Marshall Joseph Mann and Ripley County Probation Officer Ethan Back conducted a routine probation visit at Norman's home. After some time had passed, Norman opened the door and allowed the officers to enter. Upon entering, Officer Back noticed alcohol inside Norman's home, which violated the terms of his probation and gave the officers a reason to inspect the home

further. Marshall Mann discovered a bag that contained a white crystalline substance under a couch cushion. The substance was later identified as 12.59 grams of methamphetamine. Mann testified that this amount equals about 125 individual uses of the drug. After the discovery of methamphetamine, Mann contacted the Batesville Police Department, and Batesville Detective Blake Roope arrived on the scene. Mann then discovered a digital scale that contained residue similar in appearance to methamphetamine. Detective Roope decided not to have the residue on the scale tested. Officer Back and Detective Roope later observed a blue container sitting on a ladder inside one of Norman's rooms. Eight thousand dollars in cash was found inside the container. Officers also found $500 inside Norman's pockets.

On February 18, 2016, the State charged Norman with Level 2 felony possession of methamphetamine with the intent to deliver and Level 4 felony possession of methamphetamine. On August 22, 2016, the State filed a motion to amend the Level 2 felony charge and dismiss the Level 4 felony charge. The trial court granted the motion, and a jury trial was held on August 23–24, 2016. During the trial, Mann testified that drug dealers often use scales to measure product intended for sale. He also testified that buyers of illegal substances typically use cash for their transactions. Mann also stated that methamphetamine is typically packaged in half gram to one gram quantities, but that it is not unusual to see it packaged in quantities of three to three-and-one-half grams. Mann also testified that a gram of methamphetamine typically costs $100 and three grams cost between $225 and $250. He also testified that dealers of illegal substances typically keep digital records of sales on phones and other electronic devices.

Norman testified in his own defense that the methamphetamine found in his home did not belong to him but that he entertains friends often and one of them could have left it. Norman also testified that he plays darts competitively and uses the scale to measure the weight of the darts. On cross-examination, the State questioned Norman about his missing cell phone; Norman objected to this questioning. The trial court overruled the objection. Norman then testified that his phone was missing. He also testified that he remembered talking to his sister about the phone, but he denied asking her to destroy it. Norman stated, "That's, I don't know if I, I don't know exactly what I said, but it wasn't nothing that drastic." Tr. Vol. III p. 235. Norman claimed that he did not trust banks and as such withdrew his paychecks every month. He also testified that he had recently made a cash withdrawal to buy a new television set.

The jury found Norman guilty of Level 2 felony possession of methamphetamine with the intent to deliver. The trial court sentenced Norman to twenty-seven-and-one-half years in the Department of Correction with five years suspended to probation.

*Norman v. State (Norman I)*, 87 N.E.3d 1162, 2017 WL 3429067, *1-2 (Ind. Ct. App. 2017) (in the record at dkt. 7-6).

The Indiana Court of Appeals affirmed Mr. Norman's conviction, and the Indiana Supreme Court denied his petition to transfer. Dkt. 7-2 at 5. He then filed a petition for post-conviction relief in state court which was denied. In his post-conviction appeal, he alleged that trial counsel was ineffective when he failed to file a motion to suppress the evidence seized from his home and when he failed to object to the admission of the evidence as irrelevant. Dkt. 7-10.

The Indiana Court of Appeals held that Mr. Norman's counsel was not ineffective because there was no basis for a motion to suppress and because the presence of a large sum of cash at his home was relevant to whether he had intent to sell the methamphetamine he possessed. *Norman v. State (Norman II)*, 171 N.E.3d 654, 2021 WL 1991688, *8-9 (Ind. Ct. App. 2021) (in the record at dkt. 7-12). The Indiana Supreme Court then denied his petition to transfer. Dkt. 7-9 at 6. Mr. Norman next filed a petition for a writ of habeas corpus in this Court, raising the same two grounds in support of his ineffective assistance of trial counsel claim.

## II.
## Applicable Law

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-

3

court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014) *see* 28 U.S.C. § 2254(b)(1)(A). "A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

## III.
## Discussion

Mr. Norman's petition raises two grounds for relief:

- trial counsel ineffectiveness for failing to move to suppress evidence of money, methamphetamine, and scales found in his home; and

- trial counsel ineffectiveness for failing to object to the admission of evidence of money found in his home as irrelevant.

Dkt. 1 at 5, 12.

His retained post-conviction counsel raised these claims in his petition for post-conviction relief. Mr. Norman then pursued an appeal *pro se*. Dkt. 7-10. When the Indiana Court of Appeals denied his appeal, he failed to include these arguments in his petition for transfer to the Indiana Supreme Court. Dkt. 7-13. He did include in his questions presented on transfer: "Did the Court of Appeals Error when it determined that Norman's Trial counsel is not Ineffective for failing to pursue the Motion to Suppress Evidence?" *Id*. at 2. But his petition for transfer only argued that 1) the money was not related to drug sales and should be returned to him, and 2) that the post-conviction court failed to address all the issues raised in his petition for post-conviction relief. *Id*. at 5-7. He made no argument regarding trial counsel ineffectiveness. The inclusion of one of his ineffective assistance of counsel claims in the questions presented section of his petition to transfer, without any further development, did not fairly present the claim to the Indiana Supreme Court.

4

*Simpson v. Battaglia*, 458 F.3d 585, 593–94 (7th Cir. 2006) (federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles") (cleaned up).

Mr. Norman argues that the Indiana Public Defender refused to represent him in post-conviction relief proceedings, and he could only afford to hire counsel to litigate his petition before the post-conviction court. He asks the Court to therefore excuse errors made by him and his post-conviction counsel pursuant to *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017). Dkt. 1 at 10-11.

In *Coleman v. Thompson*, the Supreme Court held that attorney error committed during state post-conviction proceedings—for which the Constitution does not guarantee the right to counsel—cannot excuse a procedural default that occurs in those proceedings. 501 U.S. 722, 755 (1991). But in *Martinez v. Ryan*, the Court created a narrow, "equitable ... qualification" to this rule that applies when state law requires prisoners to raise claims of ineffective assistance of trial counsel "in an initial-review collateral proceeding," rather than on direct appeal, so long as the defaulted claims have some merit. 566 U.S. 1, 16-17 (2012). The Court expanded this exception in *Trevino v. Thaler*, holding that this exception applies both when state law explicitly prohibits prisoners from bringing claims of ineffective assistance of trial counsel on direct appeal and where the State's "procedural framework, by reason of its design and operation, makes it unlikely in a typical case that a defendant will have a meaningful opportunity to raise" that claim on direct appeal. 569 U.S. 413, 429 (2013).

In *Brown v. Brown*, the Seventh Circuit held that the *Martinez-Trevino* exception applied to Indiana inmates, allowing them to present procedurally defaulted claims for ineffective assistance of trial counsel in a federal habeas proceeding if the procedural default was caused by the ineffective assistance of post-conviction counsel and the defaulted claims have some merit. 847 F.3d at 509. But the procedural default of Mr. Norman's ineffective assistance of trial counsel

claims was not caused by ineffective assistance of his post-conviction counsel, who raised both of the claims he seeks to raise here. Dkt. 7-10. Mr. Norman represented himself on appeal of the denial of his state post-conviction petition and failed to raise them. Even if post-conviction counsel had represented him and failed to raise the claims on appeal, the exception recognized in *Brown* does not apply to failure to exhaust an ineffective assistance of counsel claim on appeal. *Martinez v. Ryan*, 566 US 1, 16 (2012) ("The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings ..."). Mr. Norman's counsel raised his two claims in the initial review of his post-conviction proceedings, so the *Martinez-Trevino* exception is inapplicable.

Because Mr. Norman failed to fairly present his claims in state court and the *Martinez-Trevino* exception does not apply, his claims are procedurally defaulted. His petition is therefore **denied**.

## IV.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and about whether the procedural ruling was correct. *Flores-*

*Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Norman's claims are procedurally defaulted. The Court therefore **denies** a certificate of appealability.

V.
**Conclusion**

Mr. Norman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability **shall not issue**.

Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 4/19/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TODD NORMAN
987894
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov